MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
NOORJAHAN RAHMAN (SBN 330572)
nrahman@cpmlegal.com
JULIA Q. PENG (SBN 318396)
jpeng@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel:    (650) 697-6000
Fax:    (650) 697-0577

**JERRY K. CIMMET** (SBN 33731)
Attorney at Law
cimlaw@me.com
4 Brittany Lane
Chico, CA 95926
Tel:    (650) 619-1301
Fax:    (650) 456-2100

JOHN M. KELSON (SBN 75462)
kelsonlaw@sbcglobal.net
**KELSON LAW GROUP**
483 Ninth Street, Suite 200
Oakland, CA  94607
Tel:    (510) 465-1326
Fax:    (510) 465-0871

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TYPEWRITORIUM COMPANY dba A2Z BUSINESS SYSTEMS, on behalf of itself and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE TRAVELERS COMPANIES, INC. and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendants. | Case No. <br><br> CLASS ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF <br><br> PLAINTIFF DEMANDS TRIAL BY JURY |

Class Action Complaint for Damages and Declaratory Relief

# TABLE OF CONTENTS

I.     NATURE OF THE ACTION ................................................................................ 1

II.    JURISDICTION AND VENUE............................................................................. 4

III.   PARTIES ............................................................................................................... 4

IV.    PLAINTIFF'S CLAIMS ....................................................................................... 5

V.     CLASS ACTION ALLEGATIONS ...................................................................... 10

VI.    CLAIMS FOR RELIEF ........................................................................................ 15

FIRST CLAIM FOR RELIEF
(BREACH OF CONTRACT)................................................................................. 15
SECOND CLAIM FOR RELIEF
(BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING) ......................... 16
THIRD CLAIM FOR RELIEF
(UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.) ................... 18
FOURTH CLAIM FOR RELIEF
(DECLARATORY RELIEF) ................................................................................... 20

VII.   PRAYER FOR RELIEF ........................................................................................ 21

JURY TRIAL DEMANDED ................................................................................. 21

Plaintiff THE TYPEWRITORIUM COMPANY dba A2Z BUSINESS SYSTEMS (hereinafter "A2Z" or "Plaintiff"), by and through its attorneys, for its Class Action Complaint for Damages and Declaratory Relief, makes the following allegations upon personal knowledge of its officers as to itself and its own acts, and upon information and belief as to all other matters, against Defendants THE TRAVELERS COMPANIES, INC. and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter collectively "Travelers" or "Defendants").

## I.      NATURE OF THE ACTION

1.      Plaintiff brings this lawsuit as a class action pursuant to Rule 23, Federal Rules of Civil Procedure, on behalf of itself and all other persons and entities similarly situated who suffered loss of business income and incurred extra expense as a result of orders of civil authorities restricting operation of non-essential businesses and who, despite being contractually insured by Travelers against loss of business income caused by direct physical loss of or damage to property at the described insured premises, were unfairly and unjustifiably denied coverage and compensation by Travelers in breach of its insurance contracts with Plaintiff and the other class members and in violation of California and Federal law, including, without limitation, California Insurance Code, Section 790.03(h) and regulations implementing that statute and California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"), as authorized by the McCarran-Ferguson Act, 15 U.S.C. §§1011-1015.

2.      On March 4, 2020, the Governor of California, Gavin Newsom, proclaimed a State of Emergency to exist in California as a result of the threat of the coronavirus known as COVID-19.

3.      On March 11, 2020, the World Health Organization ("WHO") Director General declared the COVID-19 outbreak to be a worldwide pandemic and thereafter, on March 16, 2020, the United States Centers for Disease Control and Prevention ("CDC"), and members of the national Coronavirus Task Force issued to the American public guidance, styled as "30 Days to Slow the Spread," for stopping the spread of COVID-19.  This guidance advised individuals to adopt far-reaching social distancing measures, such as working from home, avoiding shopping trips and gatherings of more than 10 people, and staying away from bars, restaurants, and food courts.

4.      Following this advice for individuals to adopt far-reaching social distancing measures, many state government administrations across the nation recognized the need to take steps to protect the

health and safety of their residents from the spread of COVID-19. As a result, many governmental entities entered civil authority orders suspending or severely curtailing business operations of non-essential businesses that interact with the public and provide gathering places for individuals. Almost all states within the United States have issued "stay-at-home" or "shelter-in-place" orders and have ordered private non-essential business operations to close.

5.    On March 16, 2020, Shelter-in-Place Orders were issued by civil authorities in San Francisco Bay Area Counties, including San Mateo County in which Plaintiff has its principal place of business, as well San Francisco, Alameda, Santa Clara, Marin and Contra Costa Counties, all of which encompass governmental jurisdictions in which A2Z does business. For example, San Mateo County declared in a civil authority order: "All individuals currently living within San Mateo County (the "County") are ordered to shelter at their place of residence. To the extent individuals are using shared or outdoor spaces, they must at all times as reasonably possible maintain social distancing of at least six feet from any other person when they are outside their residence."

6.    On March 19, 2020, California Governor Gavin Newsom issued Executive Order N-33-20 that recognized that the rapid spread of COVID-19 necessitated more stringent guidance from public health officials and, therefore, pursuant to the authority of the Constitution and laws of California, including Government Code §§ 8567, 8627, and 8665, the Governor ordered "all individuals living in the State of California to stay home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors, as outlined at https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19." The Governor's order recognized that "[t]he federal government has identified 16 critical infrastructure sectors whose assets, systems, and networks, whether physical or virtual, are considered so vital to the United States that their incapacitation or destruction would have a debilitating effect on security, economic security, public health or safety, or any combination thereof." Therefore, the Governor's order further provided that "Californians working in these 16 critical infrastructure sectors may continue their work because of the importance of these sectors to Californians' health and well-being." However, even as to those sectors, social distancing was required. The list of California "Essential Critical Infrastructure Workers" as designated by the California State Public Health Officer appears at

https://covid19.ca.gov/img/EssentialCriticalInfrastructureWorkers.pdf.

7.     On March 31, 2020, more restrictive Shelter-in-Place Orders were issued by civil authorities in San Mateo, San Francisco, Alameda, Santa Clara, Marin, and Contra Costa Counties and the City of Berkeley, again encompassing various governmental jurisdictions in which A2Z does business.  For example, on the aforesaid date, the Health Officer of the County of San Mateo promulgated Order No. c19-5b (Revised), further limiting essential business activities and directing all business and governmental operations to cease non-essential business operations.

8.     Plaintiff is informed and believes and thereon alleges that civil authorities across the United States issued orders similar to those issued in California directing all business and governmental operations to cease non-essential business operations and limiting essential business activities.

9.     All such orders of civil authorities have remained in force to date albeit to varying degrees.

10.     As a result of these orders of civil authorities, Plaintiff and thousands of retail and service businesses in California and throughout the United States who were not the cause of the closure orders suffered loss of business income.

11.     Plaintiff and members of the Class were insured by Defendants under standard form insurance contracts against loss of business income and any extra expense caused by the direct physical loss of or damage to property caused by the action of civil authority that prohibits access to the insured property as well as loss of income and extra expense resulting from the suspension of operations, which may be total or partial cessation of business activities, caused by the direct physical loss of or damage to "Dependent Properties" resulting from action of civil authority. "Dependent Properties" are those properties operated by others whom the insured depends on to accept and use the insured's products and services, as well as other dependencies.

12.     Nonetheless, when Plaintiff and other Class members claimed compensation for loss of business income under their policies of insurance, Defendants routinely and expeditiously denied payment.  Without the benefit of any factual investigation, Defendants denied payment through form letters that distorted and deliberately misquoted policy language pertaining to limitations and exclusions of insurance coverage.  Defendants hid behind a variety of spurious reasons in denying Plaintiff and the

other Class members insurance coverage that had been contracted for and for which Defendants received many thousands of dollars of premiums, causing Plaintiff and the other Class members to suffer significant loss of income.

## II.    JURISDICTION AND VENUE

13.    This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005, because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class, including, but not limited to, Plaintiff, are citizens of a state different from Defendants; and the Court has jurisdiction to provide declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and California Business & Professions Code §§ 17202 and 17203.

14.    The Court has personal jurisdiction over Defendants because Defendants do business in the State of California and the Northern District of California.

15.    Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c)(2) because a substantial part of the events or omissions giving rise to the action occurred in the Northern District of California and Defendants are subject to the Court's personal jurisdiction in this District.

## III.    PARTIES

16.    Plaintiff THE TYPEWRITORIUM COMPANY d/b/a A2Z BUSINESS SYSTEMS is formed under the laws of the State of California.  Its principal place of business is in Brisbane, California.

17.    Defendant THE TRAVELERS COMPANIES, INC. is a Minnesota corporation with its principal place of business in New York, New York.  It owns subsidiaries, directly and indirectly, including Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, that issue, among other things, Businessowners Property Coverage, including Business Income and Extra Expense coverage.

18.    Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA is a subsidiary of Defendant THE TRAVELERS COMPANIES, INC. and is a corporation organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut.  It does business

in the Northern District of California and it issued Policy No. 680-5339H648-19-42 to Plaintiff with the effective dates of August 1, 2019 to August 1, 2020 (hereinafter the "Policy") that includes Businessowners Property Coverage, including Business Income and Extra Expense coverage.

19.     Plaintiff, upon information and belief, alleges that during the Class Period, Defendants were each the agent of the other Defendant, and in performing the acts alleged in this Complaint were acting within the course and scope of that agency and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them."

## IV.   PLAINTIFF'S CLAIMS

20.     Plaintiff's business consists of retail sales and the servicing and repair of business machines, including copiers, fax machines and printers as well as sales of supplies for such machines. The services that Plaintiff provides for such machines are provided as needed as well as pursuant to service contracts.  Plaintiff also provides short and long term rentals of office equipment and has special programs for government and non-profit organizations.  Plaintiff's customer base includes essential and non-essential businesses and organizations.

21.     For many years Plaintiff has been insured by Travelers under contracts of insurance. Currently, Plaintiff is insured under Travelers Policy No. 680-5339H648-19-42 with the effective dates of August 1, 2019 to August 1, 2020, which has been renewed with the effective dates of August 1, 2020 to August 1, 2021 (hereinafter the "Policy").   The Policy includes coverage designated as Businessowners Property Coverage Special Form (hereinafter "Businessowners Property Coverage"). The Businessowners Property Coverage is set forth on Travelers standard forms, produced or otherwise promulgated by Insurance Services Office, Inc. ("ISO") that, on information and belief, have been adopted and used by Travelers in its insurance policy contracts across the nation.  The "described premises" covered by the Policy are Plaintiff's principal place of business at 200 Valley Drive, Brisbane, San Mateo County, California 94005 and its satellite storage premises at 80 Spruce Street, South San Francisco, San Mateo County, California 94080.

22.     Pursuant to Section A.3 of the Businessowners Property Coverage,[1] Business Income and Extra Expense Coverage is provided, covering loss of income suffered due to the "suspension" of the insured's "operations" caused by "direct physical *loss of* or damage to property at the 'described premises' caused by or resulting from a Covered Cause of Loss."  [Emphasis added.]  Suspension of operations includes the partial cessation of the business of the insured.

23.     Pursuant to Sections A.4 (a) and (b), all risks of direct physical loss are covered unless limited by Section A.5, Limitations, or excluded by Section B, Exclusions.

24.     Section A.7.d extends coverage to Business Income and Extra Expense to Dependent Property, thus covering loss of business income sustained by the insured due to the "suspension" of the insured's "operations" caused by "direct physical loss or damage at the premises of a Dependent Property, caused by or resulting from a Covered Cause of Loss."

25.     "Dependent Property" is defined in Section A.7.d.(2) of the Businessowners Property Coverage of the Policy, ISO Form MP T1 02 02 05, which provides:

(2) Dependent Property means property operated by others whom you depend on to:

(a)     Deliver materials or services (other than "water supply services", "communication supply services" or "power supply services") to you, or to others for your account (Contributing Locations);

(b)     Accept your products or services (Recipient Locations);

(c)     Manufacture products for delivery to your customers under contract of sale (Manufacturing Locations); or

(d)     Attract customers to your business (Leader Locations).

26.     Section A.7.g further extends coverage for the loss of Business Income and Extra Expense caused by action of civil authority that prohibits access to the described premises.  Coverage is also provided "due to direct physical loss of or damage to property at locations, other than described premises, that are within 100 miles of the described premises caused by or resulting from a Covered

---

[1] All Policy Section citations are to provisions of the Businessowners Property Coverage of the Policy, including provisions designated as "paragraphs" in the Policy, unless otherwise stated.

Cause of Loss."

27.    A2Z and its Dependent Properties sustained direct physical losses that were neither limited nor excluded by Section A.5 or Section B, as a result of closures due to the orders of civil authorities, including, without limitation, the orders described hereinabove, which caused a direct physical loss of use of the described premises and of Plaintiff's Dependent Properties.  Therefore, Plaintiff has suffered a covered insurance loss.

28.    The aforesaid orders of civil authorities caused the closure of many non-essential businesses and limited business activities of essential and non-essential businesses that were customers and clients of Plaintiff.  The orders also prevented Plaintiff's employees from entering the premises of non-essential business customers that were Dependent Properties of Plaintiff that were within 100 miles of Plaintiff's "described premises."  Plaintiff experienced a partial cessation of its business operations consisting of the sale, rental and/or servicing of its products.  As a result of these orders of civil authorities, and each of them, Plaintiff has suffered a substantial loss of business income in amounts not yet fully determined.

29.    Pursuant to the provisions of the Policy, Plaintiff filed a claim for loss of income with Travelers on April 27, 2020, based entirely on the action of civil authorities that caused the partial cessation of Plaintiff's business operations.

30.    On May 4, 2020, a Travelers representative advised Plaintiff's representative by telephone that the claim had been transferred for further processing to Travelers' COVID-19 office. Though the Travelers agent was informed that there had not been any indication that the COVID-19 virus had infected either of Plaintiff's business locations, or, to the best of Plaintiff's knowledge, Plaintiff's Dependent Properties, the Travelers agent advised that insurance coverage would be denied based on the "Virus Exclusion" of the Policy.

31.    On May 5, 2020, Travelers transmitted an 11-page letter denying Plaintiff's claim without having conducted any investigation of the facts surrounding the claim.  In fact, that letter appeared to be a form letter covering claims throughout the United States and, in particular, identified 10 states other than, and in addition to, California, in which special state law provisions applied.

32.     The purported grounds for Travelers' denial were (a) there allegedly was no direct physical loss of or damage to the property at the described premises or at Dependent Properties, as required by Section A.3, ISO Form MP T1 02 02 05, covering Business Income and Extra Expense, and Section A.7.d, MP ISO Form T3 15 10 12, covering Business Income and Extra Expense from Dependent Property; (b) the so-called "Virus Exclusion" found in the Exclusion of Loss Due to Virus or Bacteria Endorsement to the Policy, ISO Form IL T3 82  05 13, purportedly based on COVID-19 being "capable of inducing physical distress, illness or disease"; and (c) the so-called "Ordinance or Law Exclusion" found in Businessowners Property Coverage Exclusions, Section B.1.a, ISO Form MP T1 02 02 05, which supposedly excluded insurance coverage for the closures of businesses that were the result of the enforcement of any ordinance or law "'regulating - - - the use' (sic) of the Insured's property."

33.     On June 4, 2020, Plaintiff responded to Travelers' denial of coverage by pointing out that the limitation and exclusion cited by Travelers were not applicable.  Plaintiff referred Travelers to judicial authority that provided that the *loss of use* of property covered causes of loss—closure orders of civil authorities, did, in fact, constitute "direct physical loss of" property even in the absence of other destructive damage to the property.  Plaintiff further pointed out that there was no evidence that the suspension of operations by Plaintiff or closures of Plaintiff's Dependent Properties were the result of the presence of the COVID-19 virus at the properties, as any competent investigation would have established.

34.     Nonetheless, without further investigation, on June 17, 2020, Travelers reaffirmed its denial of insurance coverage.  On June 24, 2020, Travelers also conceded that its files did not contain any "claim-related documents" other than the aforesaid correspondence between Plaintiff and Travelers.

35.     Travelers' grounds for denial of insurance coverage were wrong both factually and as a matter of law for the following reasons:

(a)     Travelers' determination that there was no direct physical loss of or damage to the property at Plaintiff's business premises or at Dependent Properties, was wrongful in that it was contrary to the terms of the Policy, to wit: Section A.3(2) that covers physical *loss of* property at the described premises, as well as and in addition to *damage to* the premises and,

similarly, Section A.7.d(i) of the Policy that covers loss of **or** damage to Dependent Properties. In short, Travelers well knew that its interpretation of the Policy was wrong as a matter of law. *See, e.g., Total Intermodal Servs. v. Travelers Prop. Cas. Co. of Am.*, 2018 U.S. Dist. LEXIS 216917, *9-*11 (C.D.Cal. 2018);

(b)     The so-called "Virus Exclusion," which excludes coverage under the Policy "for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease," was inapplicable because the loss of income was not caused by the presence of COVID-19 or any other virus at Plaintiff's described premises or at Dependent Properties, but instead the loss is based on preventive closures ordered by civil authorities, which was acknowledged by Travelers in its denial of coverage, wherein it was stated that Plaintiff's "claimed loss of business income and extra expense was caused by the Governmental Order 'regulating * * * the use of the Insured's property'"; and

(c)     The so-called "Ordinance or Law Exclusion" relied on by Travelers, citing Section B.1.a, is inapplicable for at least two reasons: *first*, the Civil Authority coverage provided by Section A.7.g for loss of business income suffered as a result of "action of civil authority that prohibits access to the described premises" or "property at locations, other than described premises, that are within 100 miles of the described premises" is **in addition to the Ordinance or Law coverage** provided in Sections A.6.a and A.7.m.; *second*, by the very terms of the "Ordinance or Law" coverage, both as to Covered Property and as to Dependent Property, the exclusion provided for in Section B.1.a is made inapplicable pursuant to Sections A.6.k(4) and A.7.m(4).

36.     Thus, Travelers willfully disregarded the terms of the Business Income and Extra Expense Coverage of the Policy and violated its duty to investigate and otherwise deal fairly with Plaintiff and the other Class members, as required by law, including California Insurance Code § 790.03(h) and 10 CCR 2695.5(e)(3), and Travelers' denial of coverage was therefore willful and in bad faith.

37.     As a result of the Stay at Home orders of civil authorities and the bad faith denial of

insurance coverage by Travelers, Plaintiff has suffered monetary damages resulting from the loss of business income and extra expense.

**V.     CLASS ACTION ALLEGATIONS**

38.     The Classes and sub-classes that Plaintiff seeks to represent are:

(a)     The "Nationwide Travelers Insured Premises Class" consisting of all business owners and entities in the United States that were insured by Travelers under policies of insurance that included Businessowners Property Coverage and Business Income and Extra Expense Coverage, otherwise commonly described as "business interruption" coverage, who filed a claim with Travelers for loss of business income following any order of civil authority forcing the closure of non-essential businesses and/or restricting the operation of non-essential and/or essential businesses subsequent to March 1, 2020, sometimes commonly described as "Stay at Home" orders, and were denied insurance coverage and compensation by Travelers on the grounds that the loss did not involve direct physical loss of or damage to property and/or that the loss was not covered pursuant to the Virus Exclusion or the Ordinance or Law Exclusion.

(b)     The "Nationwide Travelers Insured Dependent Property Loss Sub-Class" consisting of all business owners and entities in the United States that were insured by Travelers under policies of insurance that included Businessowners Property Coverage and Business Income and Extra Expense Coverage, otherwise commonly described as "business interruption" coverage, and that additionally included Business Income and Extra Expense Coverage From Dependent Property, who filed a claim with Travelers for loss of business income following any order of civil authority subsequent to March 1, 2020, sometimes commonly described as "Stay at Home" orders, forcing the closure of non-essential businesses and/or restricting the operation of non-essential and/or essential businesses of Dependent Property of any insured, and were denied insurance coverage and compensation by Travelers on the grounds that the loss did not involve direct physical loss of or damage to an insured's property and/or that the loss was not covered pursuant to the Virus Exclusion or the Ordinance or Law Exclusion.

(c)     The "California Travelers Insured Premises Sub-Class" consisting of all business owners and entities in California that were insured by Travelers under policies of insurance that

included Businessowners Property Coverage and Business Income and Extra Expense Coverage, otherwise commonly described as "business interruption" coverage, who filed a claim with Travelers for loss of business income following any order of civil authority forcing the closure of non-essential businesses and/or restricting the operation of non-essential and/or essential businesses subsequent to March 1, 2020, sometimes commonly described as  "Stay at Home" orders, and were denied insurance coverage and compensation by Travelers on the grounds that the loss did not involve direct physical loss of or damage to an insured's property and/or that the loss was not covered pursuant to the Virus Exclusion or the Ordinance or Law Exclusion.

(d)     The "California Travelers Insured Dependent Property Loss Sub-Class" consisting of all business owners and entities in the United States that were insured by Travelers under policies of insurance that included Businessowners Property Coverage and Business Income and Extra Expense Coverage, otherwise commonly described as "business interruption" coverage, and that additionally included Business Income and Extra Expense Coverage From Dependent Property, who filed a claim with Travelers for loss of business income following any order of civil authority subsequent to March 1, 2020, sometimes commonly described as "Stay at Home" orders, forcing the closure of non-essential businesses and/or restricting the operation of non-essential and/or essential businesses of Dependent Property of any insured, and were denied insurance coverage and compensation by Travelers on the grounds that the loss did not involve direct physical loss of or damage to an insured's property and/or that the loss was not covered pursuant to the Virus Exclusion or the Ordinance or Law Exclusion.

39.     Defendants, and any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns are excluded from the Class and all Sub-Classes set forth herein.  Also excluded from the Class are Class Counsel and their employees, any judicial officer presiding over this matter and the members of their immediate families and judicial staff assigned to this case.

40.     The Policy issued by Travelers to Plaintiff and like policies issued to the other Class Members are "all risk" commercial property polices which cover loss or damage to the covered premises resulting from any and all risks other than those expressly excluded.

Class Action Complaint for Damages and Declaratory Relief                                             11

41.     Plaintiff's Policy and the insurance policies of the other Class Members are standard forms, including standard ISO forms, used by Travelers across the nation.

42.     Travelers' insurance policies, such as the Plaintiff's Policy, and the policies of the other Class members, are not individually negotiated.  At most, the prospective policyholder may elect to add specialized coverage options to a basic insurance policy, but all the substantive terms thereof are set unilaterally by Travelers.

43.     Plaintiff's Policy and the policies of the other Class members provide coverage for interruption of business income, incorporating the terms of the standard Businessowners Property Coverage Special Form that includes Business Income and Extra Expense coverage and Business Income and Extra Expense from Dependent Property coverage.

44.     Insurance associations, such as those in which Travelers participates, have publicly stated that standard business insurance policies do not provide any coverage for the business losses related in any way to public health orders like the Stay at Home orders imposed by California.  The denial letter received by Plaintiff, which Defendants issued without any factual investigation regarding Plaintiff's premises or the premises of Dependent Properties, appears to be a form letter that, on information and belief, was sent automatically to all businesses nationwide, including California, in response to companies who filed claims with Travelers for loss of business income due to the Stay at Home orders of civil authorities.

45.     This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and related statutes and/or case law because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

46.     **Numerosity:**  A class action is the only available method for the fair and efficient adjudication of this controversy.  Plaintiff is informed and believes that there are thousands of  business entities throughout the United States, including those in California, that have suffered loss of business income resulting from stay at home orders of civil authorities who have filed claims that have been uniformly denied by Travelers, thus the Nationwide Travelers Insured Premises Class and each of the Sub-Classes are so numerous that joinder is impractical.

47.     **Commonality:** There are questions of law and fact common to the Plaintiff and the other

members of the Nationwide Travelers Insured Premises Class.  There are also questions of law and fact common to the Plaintiff and the other members of each of the Sub-Classes.  The following questions of law and fact are common to the Nationwide Travelers Insured Premises Class and the Sub-Classes and predominate over questions that may affect only individual members of the Class and the Sub-Classes:

(a)     Whether Travelers business insurance policies cover claims for lost business income under the circumstances previously described;

(b)     Whether the terms, definitions, and exclusions that Travelers has relied on to deny insurance coverage reasonably can be construed in the manner Travelers has asserted, or, instead, must be construed to provide insurance coverage under the circumstances previously described;

(c)     Whether the Virus Exclusion endorsement excludes coverage where the loss of income is caused by the cessation of business operations in compliance with stay at home orders of civil authorities;

(d)     Whether the Civil Authority coverage applies to exclude insurance coverage under the circumstances previously described;

(e)     Whether the Ordinance or Law Exclusion excludes insurance coverage or whether it is made inapplicable by other policy provisions;

(f)     Whether Travelers has breached the implied covenant of good faith and fair dealing inherent in its insurance policies as a result of its mishandling of claims;

(g)     Whether Travelers violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and

(h)     Whether declaratory relief is appropriate.

48.     **Typicality:**  Plaintiff asserts claims that are typical of the claims of the Class and the Sub-Classes since Plaintiff and all members of the Class and Sub-Classes have sustained loss of income resulting from orders of the civil authorities, and have filed claims with Travelers, which routinely and uniformly denied insurance coverage for the reasons alleged hereinabove.

49.     **Superiority of Class Action:**  Plaintiff and the other Class Members have suffered damages as a result of Defendants' wrongful conduct.  Absent a class action it would be highly unlikely that the members of the Class would be able to obtain legal redress for their damages and lost income

because the cost of litigation through individual lawsuits would likely exceed any reasonably  expected individual recovery.  Questions of law or fact common to the respective members of the Class and Sub-Classes predominate over questions of law or fact affecting only individual members.   This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims including consistency of adjudications.  Moreover, should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.  Plaintiff is informed and believe, and based thereon alleges, that Defendants, in refusing to extend insurance coverage to and reimburse Class Members for their loss of business income, have acted and refused to act on grounds generally applicable to all claims herein, thereby making appropriate declaratory and monetary relief for all members of the Class and Sub-Classes.

50.   **Particular Issues:**  Particular issues may be appropriate for certification under Fed. R. Civ. P. 23(c)(4) because the resolution of such particular, common issues could advance the disposition of this matter.  Such particular issues include, but are not limited to:

(a)   Whether cessation of business operations in compliance with orders of civil authorities constitutes a direct physical loss of property that is covered by the Businessowners Property Coverage of Travelers' commercial policies;

(b)   Whether the Virus Exclusion endorsement to Travelers' policies excludes insurance coverage where the loss of income is caused by the cessation of business operations in compliance with stay at home orders of civil authorities;

(c)   Whether the Ordinance or Law Exclusion in Travelers' policies excludes insurance coverage or whether it is made inapplicable by other policy provisions;

(d)   Whether the Civil Authority coverage applies, independent of any other insurance coverage;

(f)   Whether Travelers breached the implied covenant of good faith and fair dealing inherent in its insurance policies as a result of its mishandling of claims;

(g)     Whether Travelers violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.; and

(h)     Whether Plaintiff and the other members of the Class and Sub-Classes are entitled to damages and/or declaratory relief.

51.     **Adequacy of Representation:**  Plaintiff is a member of the Nationwide Travelers Insured Premises Class and is a member of each Sub-Class, is similarly situated to the other members of the Class and the respective Sub-Classes and is an adequate representative of the Class and the Sub-Classes. Plaintiff will fairly and adequately represent and protect the interests of the Class and the Sub-Classes and has no interests antagonistic to those of the other Class Members.  Plaintiff has retained attorneys who are competent and experienced in the prosecution of class action litigation.

## VI.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

52.     Plaintiff repeats and re-alleges by reference the allegations set forth above, as though set forth herein in full and alleges the following claim for relief for breach of contract.

53.     Plaintiff purchased the Policy from Travelers and paid monthly premiums to insure against any and all risks (unless specifically excluded or limited) a business might face.  This Policy was a binding insurance contract that afforded Plaintiff comprehensive business insurance, including loss of business income, under the terms and conditions of the policy.  Class members purchased similar insurance policies from Travelers.

54.     Plaintiff has met all or substantially all of its contractual obligations, including paying all the insurance premiums required by Travelers.

55.     Commencing in March 2020, as alleged hereinabove, civil authorities in California as well as in many other States throughout the United States, issued "Stay at Home" orders, mandating that many businesses, including Plaintiff, and businesses with whom Plaintiff depended on to sell, rent and service Plaintiff's products ("Dependent Properties") to cease or curtail business operations.  These orders also applied to members of the other member of the Class and Sub-Classes, thus causing widespread closures and cessation of business operations in California and throughout the United States.

56.     Beginning on March 16, 2020, and continuing to date, Plaintiff has suffered the direct physical loss of property and lost business income resulting from these orders of civil authorities—losses that were covered under the Policy purchased from Travelers.  Other members of the Class and Sub-Classes likewise have suffered direct physical loss of property and lost business income resulting from these orders of civil authorities that were covered under insurance policies purchased from Travelers.

57.     Plaintiff's loss of business income is an insured loss under several provisions of the Policy, including Business Income and Extra Expense Coverage and Business Income and Extra Expense Coverage From Dependent Property and including insurance coverage for loss resulting from orders of Civil Authority.  Other members of the Class and Sub-Classes were likewise insured under their Travelers business insurance policies.

58.     Travelers breached its insurance contract with Plaintiff by denying loss of income coverage to Plaintiff and breached its insurance contracts with the other members of the Class and Sub-Classes by denying loss of business income coverage to them.

59.     As a direct and proximate result of Travelers' denial of insurance coverage to Plaintiff and to the other members of the Class and Sub-Classes, Plaintiff and the other members of the Class and Sub-Classes have suffered damages.

60.     WHEREFORE, Plaintiff seeks judgment for itself and other similarly situated members of the Class and Sub-Classes against Travelers for damages resulting from Travelers' breach of its contractual obligations.

## SECOND CLAIM FOR RELIEF

### (Breach of Covenant of Good Faith and Fair Dealing)

61.     Plaintiff repeats and re-alleges by reference the allegations set forth above, as though set forth herein in full and alleges the following claim for relief for breach of the covenant of good faith and fair dealing.

62.     The Policy was and is a contract that is subject to an implied covenant of good faith and fair dealing that all parties would act in good faith and with reasonable efforts to perform their contractual duties—both explicit and fairly implied—and not to impair the rights of any party to the

Policy or other similar insurance policies to receive the rights, benefits, and reasonable expectations under the contracts.  These contractual obligations included the covenant by Travelers that it would act fairly and in good faith in carrying out its contractual obligations to provide Plaintiff with comprehensive business insurance, including insurance coverage for loss of income according to the fair meaning of the terms of the Policy.  The same covenants are implied in the policies that Travelers issued to the other members of the Class and Sub-Classes.

63.     Travelers breached the implied covenant of good faith and fair dealing by its conduct alleged hereinabove, including denying insurance coverage for loss of business income unreasonably, and without just or proper cause; by applying undefined, ambiguous, and contradictory terms contrary to applicable rules of policy construction and the plain terms and purpose of the Policy and other similar policies; by denying Plaintiff's claim, and the claims of the other Class members, for loss of business income and extra expense without conducting a fair, unbiased and thorough investigation or inquiry, and arbitrarily and capriciously, with knowledge that the denial was unreasonable under the policies; by misrepresenting policy terms and conditions; and compelling policyholders, including Plaintiff, to initiate litigation to recover policy benefits to which they are entitled.

64.     Indeed, Travelers sold policies to Plaintiff and the other members of the Class and Sub-Classes that it knew appeared to provide liberal "all risk" insurance coverage for loss of business income with the intent of interpreting undefined or poorly defined terms and ambiguously written exclusions to deny insurance coverage under circumstances foreseen by Travelers.

65.     By its conduct, Travelers has knowingly employed as a general business practice unfair claims settlement practices, as defined in Cal. Ins. Code § 790.03(h), including, without limitation, misrepresenting policy provisions, failing to act reasonably with respect to the claims for loss of business income, failing to adopt reasonable standards for the prompt investigation of claims, not attempting to act in good faith to effectuate prompt, fair and equitable settlement of claims though liability is reasonably clear, and compelling its insureds to institute litigation to recover amounts due under existing policies.  In fact, Travelers failed to and refused to conduct any investigation of the facts contrary to the requirements of California Code of Regulations, 10 CCR § 2695.5(e)(3).

66.     Travelers' failure to act in good faith in providing comprehensive loss of business

insurance coverage to Plaintiff and to the other members of the Class and Sub-Classes denied Plaintiff and members of the Class and Sub-Classes the full benefit of their bargain.

67.     Accordingly, Plaintiff and the other members of the Class and Sub-Classes have been injured as a result of Travelers' breach of the covenant of good faith and fair dealing and are entitled to damages in an amount to be proven at trial.

68.     Travelers acted with an intent to defraud Plaintiffs and the other members of the Class and Sub-Classes.  In this regard, Travelers was also guilty of malice and oppression, and acted with a willful and conscious disregard for the rights of Plaintiff and the other members of the Class and Sub-Classes and said acts justify the awarding of exemplary and punitive damages.

69.     WHEREFORE, Plaintiff seeks judgment for itself and other similarly situated members of the Class and Sub-Classes against Travelers for breach of the covenant of good faith and fair dealing implied in its contracts with Plaintiff and other similarly situated members of the Class and Sub-Classes and for damages for that breach and exemplary and punitive damages according to proof at trial.

### THIRD CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.)

70.     Plaintiff repeats and re-alleges by reference the allegations set forth above, as though set forth herein in full and alleges the following claim for relief under the UCL.

71.     Commencing on or about March 1, 2020 and continuing to date, Defendants have engaged in a pattern and practice of acts of unfair competition in violation of the UCL, including the practices alleged herein.

72.     Cal. Bus. & Prof. Code § 17200 provides:

>        As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

73.     Cal. Bus. & Prof. Code § 17204 provides that an action for violation of California's Unfair Competition Law may be brought by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition/ Cal. Bus. & Prof. Code § 17203 provides that

a court may grant injunctive and equitable relief to any such person.

74.     Plaintiff and the other members of the Class and the Sub-Classes have all suffered injuries in fact and have lost money resulting from Travelers' conduct as more specifically alleged herein.

75.     Plaintiff and the other members of the Class and the Sub-Classes have suffered a cessation of business operations and the loss of business income resulting from the orders of civil authorities as alleged herein.

76.     Travelers' denials of coverage under the Policy and comparable policies of insurance issued to Plaintiff and the other members of the Class and the Sub-Classes were unlawful and/or fraudulent business acts and practices and its representations of business income coverage under the Policy and comparable policies of insurance issued to Plaintiff and the other members of the Class and the Sub-Classes were unfair, deceptive, untrue and/or misleading advertising of its product and proximately caused Plaintiff and the other members of the Class and the Sub-Classes to suffer injuries in fact and loss of money.

77.     The unlawful conduct of Travelers alleged herein are acts of unfair competition under Business & Professions Code §§ 17200, *et seq*., for which Travelers is liable for damages and for which this Court should issue equitable and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203.

78.     By its conduct, Travelers has engaged in unfair business practices in California by employing and utilizing the practices complained of herein.  Travelers' use of such unfair business practices constitutes unfair competition that provides Travelers with an unfair advantage over its competitors.

79.     Thus, Travelers has consistently administered a corporate policy during the Class Period regarding its duties and responsibilities to provide coverage for loss of business income under the Policy and comparable policies of insurance issued to Plaintiff and the other members of the Class and the Sub-Classes.  This corporate policy and pattern of conduct was accomplished with the advance knowledge and designed intent by Travelers to save millions of dollars by failing to compensate Plaintiff and the other members of the Class and the Sub-Classes, causing damage to all Class Members.

80.     Unless prohibited, Defendants, and each of them, will continue their unfair, deceptive, untrue and/or misleading advertising of their product and their unlawful and fraudulent practice of

denying insurance coverage for loss of income resulting from orders of civil authorities.

81.     Travelers acted with an intent to defraud Plaintiff and the other members of the Class and Sub-Classes; Travelers was guilty of malice and oppression, acted with a willful and conscious disregard for the rights of Plaintiff and the other members of the Class and Sub-Classes, and said acts justify the awarding of exemplary and punitive damages.

82.     WHEREFORE, Plaintiff seeks judgment for itself and other similarly situated members of the Class and Sub-Classes against Travelers for money damages pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.*, for exemplary and punitive damages according to proof at trial and further demands, on behalf of itself and the other members of the Class and Sub-Classes, that the Court prohibit Travelers from engaging in these, and/or similar, unlawful business practices, as alleged above.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

83.     Plaintiff repeats and re-alleges by reference the allegations set forth above, as though set forth herein in full and alleges the following claim for declaratory relief.

84.     Plaintiff desires a judicial determination of its rights and duties, and those of the members of the Class and Sub-Classes, and a judicial declaration as to whether its interpretation of the Policy is correct, *i.e.*, that it is entitled to insurance coverage for loss of income caused by orders of civil authorities under the Policy and/or other similar insurance policies and that there are no exclusions or limitations that preclude insurance coverage, or whether, instead, Travelers' interpretation denying insurance coverage is correct.

85.     A judicial declaration is necessary and appropriate at this time under the present circumstances so that Plaintiff and the other Class members may ascertain their rights and duties under the Policy and/or other similar insurance policies.  Such declaratory relief would resolve the uncertainty concerning the interpretation of the Policy and similar insurance policies of the other members of the Class and Sub-Classes.

86.     WHEREFORE, Plaintiff seeks a declaration for itself and other similarly situated members of the Class and Sub-Classes that their business income losses are covered and are not precluded by exclusions or other limitations in the Policy and/or other similar insurance policies, and

should be paid by Travelers.

## VII.    **PRAYER FOR RELIEF**

WHEREFORE, in accordance with all of the above claims in the First through Fourth Claims for Relief, inclusive, Plaintiff demands judgment in its favor and in favor of the other members of the Class and Sub-Classes against Defendants, individually, jointly and severally, for:

A.      An Order certifying this action as a class action pursuant to Fed. R. Civ. P. 23, defining the Class and all the Sub-Classes as requested herein;

B.      An Order appointing Plaintiff as the representative of the Class and all the Sub-Classes and appointing its counsel to represent the Class and all the Sub-Classes, as defined in this Complaint;

C.      Declaratory relief, including a declaration setting forth the rights of Plaintiff and the members of the Class and Sub-Classes, as alleged in this Complaint and setting forth Travelers' violations of those rights, specifically that Plaintiff is covered under the Policy for loss of business income resulting from orders of civil authorities and that members of the Class and Sub-Classes are covered for such loss of income under similar policies;

D.      A judgment that Travelers has violated the UCL and is liable for money damages thereunder and an order temporarily, preliminarily and permanently enjoining and restraining Travelers from engaging in similar unlawful conduct as set forth herein and compelling Travelers to correct its prior misconduct;

E.      Compensatory damages, including all compensation for loss of business income caused by orders of civil authorities under the Policy and under similar policies insuring members of the Class and Sub-Classes, according to proof plus interest thereon at the statutory rate;

F.      Exemplary or punitive damages according to proof;

G.      Prejudgment Interest;

H.      Reasonable attorneys' fees, litigation expenses and costs of suit; and

I.      Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all matters so triable.

Dated: July 17, 2020                                    **COTCHETT, PITRE & McCARTHY**


By /s/ *Mark C. Molumphy*
        MARK C. MOLUMPHY

Mark C. Molumphy (SBN 168009)
mmolumphy@cpmlegal.com
Tyson C. Redenbarger (SBN 294424)
tredenbarger@cpmlegal.com
Noorjahan Rahman (SBN 330572)
nrahman@cpmlegal.com
Julia Q. Peng (SBN 318396)
jpeng@cpmlegal.com


Additional Counsel for Plaintiff:

JERRY K. CIMMET                                KELSON LAW GROUP
Attorney at Law                                John M. Kelson